[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JANUARY 10, 1995
The plaintiff brought this action against the Administratrix of the Estate of Robert Lee Dantzler, Sr., the defendant, alleging that the plaintiff's death was caused by the negligence of Robert Lee Dantzler. The complaint was dated June 1, 1994.
On August 12, 1994, the defendant filed a Motion to Dismiss the complaint contending that the plaintiff was barred from bringing this action because she failed to file a Notice of Claim pursuant to Connecticut General Statutes § 45a-358, et seq. The parties do not dispute the fact that no claim was filed against the fiduciary. However, the plaintiff contends that the statute does not require that a notice of this type of case against the decedent's estate must be filed. The defendant has not cited any cases to support his claim in this regard. Moreover, the plaintiff could still file a claim if necessary, have it rejected, and then bring this action all over again, thereby causing a waste of time and cause all parties to incur needless expense.
Furthermore, the wording of the entire section regarding probate matters, Chapter 7 of the Connecticut Probate Courts and Procedure Chapter, clearly demonstrates that the provisions of Connecticut General Statutes § 45a-365 relates to "assets in the hands of the fiduciary" and not to tort claims.
Also, Connecticut General Statutes § 45a-372 provides that ". . . the failure of a plaintiff to present his claim to the fiduciary . . . shall not impair his right to maintain an action against the beneficiaries . . ."
Thus, plaintiff could sue the beneficiaries even after the estate was closed. In this case the action is not one to recover specific assets in the estate, but for damages for wrongful death. It is clearly not barred for failure to file a claim against the estate.
The Motion to Dismiss is hereby denied.